IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joel H. Green, | ) C/A No. 5:12-521-RMG-KDW |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Rickie Bellamy; Jay Lemacks, and South Carolina Department of Probation, Parole and Pardon Services, | ) |
| Defendants. | ) |

This is a civil action filed pro se by a local detention center inmate.[1]

## BACKGROUND INFORMATION

Plaintiff is currently confined at the Colleton County Detention Center awaiting trial on criminal charges that are unrelated to the subject matter of this case. In his Complaint, Plaintiff alleges he was wrongly sentenced by the Colleton County General Sessions Court in 2004 to a full ten-year sentence under a probation revocation judgment. Both individual Defendants are state probation officers, and Plaintiff alleges that they "lied" and "committed perjury" in connection with his probation revocation proceedings because they "knew" he only had two years remaining to serve on the conviction on which the probation was revoked. Compl., ECF No. 1 at 3-5. Plaintiff also names the South Carolina Department of Probation Parole and Pardon Services (SCDPPPS) as a Defendant.

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

In his Answers to the Court's Special Interrogatories (ECF No. 13), Plaintiff acknowledges he did not appeal the probation revocation judgment and he did not file any kind of post-conviction relief (PCR) application seeking review of the judgment. He alleges that he "maxed out" the revocation sentence on December 1, 2009. *Id.* Now he seeks damages from the two probation officers and SCDPPPS for his allegedly having to serve an excessive period of time in prison without cause. Plaintiff asks the court to award him $250,000.00 from the individual Defendants and $12,000.00 from SCDPPPS. ECF No. 1 at 5.

INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the

2

court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to 42 U.S.C. § 1983 actions such as the present one alleging constitutional violations and/or other improprieties in connection with the prosecution of state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

---

[2] Plaintiff's claims for damages allegedly arising from his confinement within South Carolina state prisons and/or detention centers are properly considered by this court under its federal question jurisdiction pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

> plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis in original).

In summary, the United States Supreme Court ruled that, until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Judgments regarding probation or parole revocations are considered in the same manner as the original convictions insofar as the application of *Heck* is concerned. *See Edwards v. Balisock*, 520 U.S. 641, 646-47 (1997) (finding the preclusive rule of *Heck* extends to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment; prison disciplinary matter); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (finding *Heck* applied to action challenging validity of probation revocation proceedings that called into question fact of confinement); *accord Husketh v. Sills*, 34 F. App'x 104, 105 n.2 (4th Cir. 2002); *Gibbs v. S. C. Dep't of Prob., Parole, & Pardon Servs.*, 168 F.3d 481, *2 (4th Cir. Jan 12, 1999).

Here, Plaintiff did not appeal his probation revocation judgment, nor did he file any PCR applications or habeas corpus petitions seeking review of the judgment. ECF No. 13. Plaintiff claims he "maxed out" in December 2009 on the sentence he received under the revocation judgment (*id.*), thus the judgment has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Because Plaintiff's allegations of perjury and false testimony in connection with Defendants' participation in the probation revocation proceedings would, if true, necessarily call into question the validity of the revocation judgment, he cannot sue any of the Defendants based on their

involvement in probation revocation proceedings. This case is subject to summary dismissal without issuance of service of process as to all Defendants.

Furthermore, even if the Complaint were not completely barred by the *Heck* doctrine, it would be subject to summary dismissal as to Defendant SCDPPPS because of the application of the Eleventh Amendment to the United States Constitution. Defendant SCDPPPS is immune from Plaintiff's claims because the Eleventh Amendment divests the court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDPPPS, as a South Carolina state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706, 757-58 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corr.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).

The State of South Carolina has not consented to suit in a federal court. South Carolina Code Section 15-78-20(e), which is part of the South Carolina Tort Claims Act, expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (finding abolition of sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). In the absence of consent to suit in this court, SCDPPPS

cannot be liable for damages under Plaintiff's allegations, and his Complaint in this cannot go forward against it.

## RECOMMENDATION

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

IT IS SO RECOMMENDED.

April 12, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503