IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Joel H. Green, | Civil Action No.: 5:12-521-RMG |
| Plaintiff, | |
| v. | ORDER |
| Rickie Bellamy, Jay Lemacks, and South Carolina Department of Probation, Parole and Pardon Services, | |
| Defendant. | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 seeking damages from Defendants. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) DSC, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings. On April 12, 2012, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Complaint be dismissed based on its failure to state a claim on which relief may be granted. (Dkt. No. 18). On April 24, 2012, Plaintiff filed objections to the Report and Recommendation. (Dkt. No. 21). As explained herein, the Court agrees with and wholly adopts the Report and Recommendation of the Magistrate Judge and dismisses Plaintiff's Complaint without prejudice and without issuance and service of process.

**Law/Analysis**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a

1

*de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

In his Complaint, Plaintiff alleges that he was wrongly given a ten year sentence by the Colleton County General Sessions Court in 2004. (Dkt. No. 1 at 3-5). However, Plaintiff alleges that he "maxed out" this sentence on December 1, 2009. (*Id.* at 4). Plaintiff alleges that Defendants Bellamy and Lemacks, both of whom are state probation officers, lied and committed perjury in connection with his probation revocation proceedings. (*Id.* at 3-5). Plaintiff seeks damages from the two probation officers and the South Carolina Department of Probation, Parole and Pardon Services for allegedly being forced to serve an excessive period of time in prison. (*Id.*).

As explained in the Magistrate Judge's Report and Recommendation, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that, until a criminal conviction is set aside by way of appeal, post-conviction relief, habeas, or otherwise, any civil rights action pursuant to 42 U.S.C. § 1983 seeking damages based on the conviction will be barred. *Id.* at 486-87. Here, Plaintiff concedes that he has not had his conviction overturned or invalidated. (Dkt. No. 13). In fact, Plaintiff concedes that he did not appeal his

conviction, file any post-conviction relief applications, or file any habeas corpus petitions. (*Id.*). In his objections to the Report and Recommendation, Plaintiff asks that the Court excuse his failure to get his conviction overturned or invalidated because, at the time of the conviction, he did not know how to attack his conviction and was suffering from certain mental health disorders. (Dkt. No. 21). The Court cannot, however, excuse Plaintiff's failure to have his conviction overturned or invalidated on this basis. To the extent Plaintiff contends that he should now be able to challenge his prior conviction due to mental disability at the time of conviction, Plaintiff must bring such a challenge in state court. However, Plaintiff's claim pursuant to 42 U.S.C. § 1983 will remain barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until such time as Plaintiff has his prior conviction overturned or invalidated.

## Conclusion

For the foregoing reasons, Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 25, 2012
Charleston, South Carolina

3